

May 15, 2025

THE LAW OFFICES OF REGINA SKYER
AND ASSOCIATES, L.L.P.

REGINA SKYER, ESQ.
JESSE C. CUTLER, ESQ.
GREGORY CANGIANO, ESQ.
DIANA GERSTEN, ESQ.

ALEXANDRA ABEND, ESQ.
SONIA M. CASTRO, ESQ.
JAIME CHLUPSA, ESQ.
STEPHANIE DE ANGELIS, ESQ.
JACQUELINE DEVORE, ESQ.
LINDA GOLDMAN, ESQ.
TERI HOROWITZ, ESQ.
KERRY M. MCGRATH, ESQ.
HEATHER MENDEZ, ESQ.
WILLIAM M. MEYER, ESQ.
TIMOTHY NELSON, ESQ.
MARY PARK, ESQ.
RICKI PARKS, ESQ.
LAUREN RABINOWITZ, ESQ.

**VIA ECF**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re:  M.B. et al v. City School District of the City of New York., 25-cv-1090 (AS)

Dear Judge Subramanian:

      Pursuant to Your Honor's Order dated February 18, 2025 (Docket No. 3), the parties in the above-referenced action jointly submit this letter to request that the Court adjourn sine die the telephonic Initial Pretrial Conference currently scheduled for May 19, 2025 at 3:30 p.m. (ECF 3) and, in lieu of a Rule 26(f) report, propose a briefing schedule to submit Motions for Summary Judgment on this matter.

      This is an action brought by Plaintiffs individually and on behalf of their child (the "Student"), against Defendant City School District of the City of New York, d/b/a the New York City Department of Education ("DOE" or "Defendant"), pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§1400 et seq. Plaintiffs allege that Defendant failed to provide the Student with a free appropriate public education ("FAPE") for the 2023-2024 school year, and they seek tuition reimbursement for the cost of the Student's tuition at a private school where they unilaterally placed the Student for that school year. Defendant maintains that it did offer the Student a FAPE for the 2023-2024 school year, and that DOE funding of the Student's private school tuition should therefore be denied.

      This case is an appeal of an administrative determination brought pursuant to the IDEA. Such cases are typically resolved by motion practice fashioned as cross-motions for summary judgment. See, e.g., Viola v. Arlington Central Sch. Dist., 414 F. Supp. 2d 366, 377 (S.D.N.Y. 2006)("IDEA actions in federal court generally are resolved by examination of the administrative record in a summary judgment posture"); L.K. v. Northeast Sch. Dist., 932 F. Supp. 2d 467, 484 (S.D.N.Y. 2013).

142 JORALEMON STREET
SUITE 1120
BROOKLYN, NY 11201

445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

666 OLD COUNTRY ROAD
SUITE 305
GARDEN CITY, NY 11530

TEL 212-532-9736
FAX 212-532-9846

SKYERLAW.COM

The parties respectfully submit that discovery will not be necessary in this case because the parties will be relying on the record of the administrative proceedings below in making their respective cross-motions for summary judgment. As discussed above, the issues involved were first addressed at a due process hearing, where evidence was admitted and testimony was taken. The Independent Hearing Officer ("IHO") issued a decision that was appealed to the State Review Office ("SRO"). The present case is essentially an appeal of the SRO Decision. See 20 U.S.C. § 1415(i)(2)(A); see also, e.g., E.Z.-L v. N.Y.C. Dep't of Educ., 763 F. Supp. 2d 584, 594 (S.D.N.Y. 2011) (citing Lillbask v. Conn. Dep't of Educ., 397 F.3d 77, 83 n.3 (2d Cir. 2005)).

The parties agree that the matter should be resolved by motion practice (typically cross-motions "styled" as summary judgment motions), which will be based on the underlying administrative record. See, e.g., E.Z.-L., 763 F. Supp. 2d at 594 (internal citations omitted). Parties are prepared to brief motion practice after obtaining a copy of the certified administrative record from the Office of State Review.

The parties respectfully submit that a trial will not be necessary in this case. As noted above, the parties propose that the case be decided upon submission of cross-motions for summary judgment. In the interest of moving this matter forward as efficiently as possible, the parties jointly and respectfully propose/request the following:

**(a)    Proposed Order Directing the Office of State Review to Send a Copy of the Certified Record of the Administrative Proceedings on Appeal To Plaintiffs and Allowing Plaintiffs to File Such Record Under Seal**

As noted, this case is an appeal of an administrative determination brought under the IDEA. The IDEA states that the Court "shall receive the records of the administrative proceedings" in such appeals (20 U.S.C. § 1415(i)(2)(C)(i)) but does not specify the mechanism by which the administrative record is to be provided to the Court. One mechanism that has proved effective has been for counsel to obtain the certified record from the New York State Education Department's Office of State Review ("OSR"), provide a copy to opposing counsel, and file such record with the Court. The parties therefore jointly request that the Court issue an order: (1) directing the OSR to provide a certified copy of the administrative record to Plaintiffs' counsel, and (2) in order to protect the privacy of the minor Plaintiff, directing that such record be filed under seal pursuant to Fed. R. Civ. P. 5.2(d). If the Court accepts this proposal, a copy of a proposed order articulating these proposals is attached to this letter and will be submitted to the Orders and Judgments Clerk. Plaintiffs' counsel will also provide a courtesy copy of the record to Chambers.

**(b)    Waiving Rule 56.1 Statements and Citing Directly to the Certified Administrative Record**

Parties also respectfully request the Court to waive Rule 56.1 statements because the inquiry here is not whether there are disputed issues of fact. Although IDEA cases are typically resolved via cross-motions for summary judgment, the Second Circuit has explained that "a motion for summary judgment in an IDEA case often triggers more than an inquiry into possible disputed issues of fact. Rather, the motion serves as a pragmatic procedural mechanism for reviewing a state's compliance with the procedures set forth in [the] IDEA and determining whether the [educational program offered by the school district] is reasonably calculated to enable the child to

receive educational benefits." <u>M.H. v. New York City Dep't of Educ.</u>, 685 F.3d 217, 225-6 (2d Cir. 2012) (internal quotations omitted). "Thus, though the parties in an IDEA action may call the procedure 'a motion for summary judgment,' the procedure is in substance an appeal from an administrative determination, not a motion for summary judgment." <u>Id.</u> Accordingly, the Second Circuit has explicitly held that 56.1 statements are not required in IDEA cases. <u>T.Y. v. New York City Dep't of Educ.</u>, 584 F.3d 412, 417-18 (2d Cir. 2009).

### (c) Proposed Briefing Schedule for Motions for Summary Judgment

Parties propose the following briefing schedule for their anticipated summary judgment motions:

June 23, 2025:    Plaintiff to file their motion for summary judgement

July 28, 2025:    Defendants to file their opposition and cross-motion for summary judgement

August 11, 2025:  Plaintiffs to file their reply and opposition to Defendants' cross-motion

August 25, 2025:  Defendants to file their reply

Thank you for your consideration of these joint proposals and requests.

Respectfully submitted,

_____
Jesse Cole Cutler
Skyer & Associates, LLP
*Attorneys for Plaintiffs*
142 Joralemon Street, Suite 1120
Brooklyn, NY 11201
(212) 532-9736
jcutler@skyerlaw.com

cc:    Defendant's counsel (via ECF)